# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:11-cv-243-FDW
## (3:07-cr-61-FDW-4)

| | |
|---|---|
| CHAVIUS MARQUETTE BARBER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion for Reconsideration (Amend and Correct) re Motion to Vacate/Set Aside/Correct Sentence. (Doc. No. 10). For the reasons that follow, the Court finds that this is an unauthorized, successive petition, and the Court therefore denies the Motion for Reconsideration.

**I.     BACKGROUND**

Petitioner filed the instant Motion for Reconsideration on October 18, 2012, seeking to have this Court review the Court's Order dismissing Petitioner's previously filed Motion to Vacate with regard to his conviction and sentence in Criminal Case No. 3:07-cr-61. In the Motion to Vacate, filed on May 12, 2011, Petitioner contended that his counsel was ineffective by advising him that he could argue the drug amount for which he was convicted even though his Plea Agreement included a stipulation as to the drug quantity and because counsel failed to challenge the validity of a prior conviction included in his § 851 notice. (Doc. No. 1 at 4-5). On May 16, 2011, the Court denied the motion on the merits and dismissed the petition. (Doc. No. 2). Petitioner filed a Notice of Appeal on June 1, 2011. (Doc. No. 4). On August 23, 2011, the

1

Fourth Circuit dismissed the appeal.  United States v. Barber, 443 Fed. App'x 821 (4th Cir. 2011).

Petitioner brings the following claims in his Motion for Reconsideration: (1) Fifth Amendment due process violation: (2) newly discovered evidence based on United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc); (3) abuse of discretion by the sentencing court; and (4) unreliable and untruthful testimony allowed by the government, "in terms of bad faith and perjured statements."  (Doc. No. 10 at 3).  More specifically, Petitioner contends that he should be re-sentenced because, under Simmons, the underlying state court conviction did not count as a predicate felony for the purpose of establishing Petitioner as a career offender under United States Sentencing Guideline § 4B1.1; at sentencing this Court acted in bad faith when relying on statements by Petitioner's co-defendant regarding the drug amounts for which Petitioner was responsible; this Court and the prosecution "also violated defendant's rights by exercising jailhouse informants to admit evidence"; and counsel was ineffective for advising Petitioner that he could argue the drug amount for which he was convicted at sentencing even though Petitioner's plea agreement included a stipulation as to the drug quantity.  (Id. at 3-7).

## II. DISCUSSION

Regardless of the title Petitioner has affixed to the motion in his pleading, the current motion seeks relief from a civil judgment under the manner authorized under Rule 60(b) of the Federal Rules of Civil Procedure.[1]  Where a petitioner seeks relief from a judgment under Rule

---

[1] Federal Rule of Civil Procedure 60(b) provides for post-judgment relief where the moving party demonstrates:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

2

60(b) on grounds other than clerical mistake, courts must treat such a motion as seeking successive post-conviction relief when failing to do so would allow the applicant to evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application. United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003) (requiring district courts to review Rule 60(b) motions to determine whether such motions are tantamount to a § 2255 motion). With regard to Rule 60(b) motions that are actually attempts at successive collateral review, the Fourth Circuit has stated that:

> a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider.

Id. at 207.

Because Petitioner's instant motion attacks his criminal conviction and the validity and length of his sentence, it must be construed as a § 2255 motion, notwithstanding its caption. See Gonzalez v. Crosby, 545 U.S. 524, 530-31 (2005) (holding that Rule 60(b) motions are treated as successive habeas petitions); Everette v. United States, No. 5:04cv358, 2012 WL 4486107, at *2-3 (E.D.N.C. Sept. 28, 2012) (dismissing a motion for reconsideration as a successive, unauthorized § 2255 petition); Wigfall v. McCall, No. 0:12-2090-RMG, 2012 WL 4981382, at

---

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).

3

*3 (D.S.C. Oct. 17, 2012) ("A motion to reinstate or reopen a prior petition is treated as a successive petition."); United States v. MacDonald, 979 F. Supp. 1057, 1068 (E.D.N.C. 1997) (stating a motion to reopen is akin to a successive habeas petition). Since Petitioner has already filed a motion under § 2255 and this Court has adjudicated the motion on the merits, Petitioner's instant motion is a "second or successive" motion under § 2255, Winestock, 340 F.3d at 206.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Thus, Petitioner must first obtain an order from the United States Court of Appeals for the Fourth Circuit before this court will consider any second or successive petition under 28 U.S.C. § 2255. Petitioner has not shown that he has obtained the permission of the United States Court of Appeals for the Fourth Circuit to file a successive petition. See also § 2255(h) ("[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals."). Accordingly, this second or successive petition must be dismissed.[2] See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain

---

[2] The Court further notes that the petition is untimely because it was filed more than one year after Petitioner's conviction became final. See 28 U.S.C. § 2255(f). Furthermore, to the extent that Petitioner raises a Simmons claim, has no relief under Simmons. Petitioner pled guilty in the underlying criminal case to conspiracy to possess with intent to distribute cocaine base, cocaine, marijuana, and "Ecstasy," in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), (B), (C), and (D). (Crim. No. 3:07-cr-61, Doc. No. 197 at 2; Doc. No. 3 at 4). The conviction carried with it a sentence of not less than ten years and no more than life imprisonment. Because of Petitioner's underlying state court felony, the minimum sentence was not less than twenty years and no more than life imprisonment. Petitioner was sentenced to 240 months, or 20 years. Even assuming that his prior felony drug conviction no longer qualifies under Section 851, his sentence was within the authorized, statutory maximum sentence to which he was subject without the enhancement. See United States v. Powell, 691 F.3d 554, 562 n.1 (4th Cir. 2012) (King, J., dissenting).

4

authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place").

**III. CONCLUSION**

For the reasons stated herein, Petitioner's Motion for Reconsideration is denied and dismissed as a second or successive § 2255 petition.

**IT IS, THEREFORE, ORDERED** that

1. Petitioner's Motion for Reconsideration, (Doc. No. 10), is **DENIED** and **DISMISSED** as a second or successive petition.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right). Petitioner has failed to make the required showing.

Signed: November 1, 2012

Frank D. Whitney
United States District Judge