**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:11-cv-243-FDW**
**(3:07-cr-61-FDW-4)**

| | |
|---|---|
| **CHAVIUS MARQUETTE BARBER,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to File a Successive

Petition,[1] (Doc. No. 13), and on Petitioner's Motion to Appoint Counsel, (Doc. No. 14).

First, with respect to Petitioner's Motion to File a Successive Petition, Petitioner states

that he wishes to file a successive petition to raise claims under the Fourth Circuit's en banc

ruling in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). The motion was filed in the

incorrect Court, as Petitioner must seek permission from the Fourth Circuit Court of Appeals,

not this Court. See 28 U.S.C. § 2255(h). For this reason, Petitioner's motion will be denied.

Next, with respect to Petitioner's Motion to Appoint Counsel, Petitioner states that he

would like counsel appointed in light of Simmons. This Court's Standing Order, dated May 22,

2012, provides, in part, that:

> the Federal Defenders of the Western District of North Carolina (FDWNC) are
> hereby appointed to represent any defendant previously determined to have been
> entitled to appointment of counsel, or who is now indigent, to determine whether
> that defendant may qualify for post-conviction relief pursuant [to] United States
> v. Simmons, 649 F.3d 237 (4th Cir. 2011), and if so, to assist the defendant in

---

[1] Petitioner's Motion is incorrectly docketed as a Motion for Certificate of Appealability.

1

obtaining such relief.  This appointment is limited to cases affected, or potentially affected, by United States v. Simmons and, except upon motion of counsel and approval by this Court, will terminate upon a determination by appointed counsel that the defendant is not eligible for relief or, if eligible for relief, upon exhaustion of the defendant's post-conviction remedies.

In light of the Court's Standing Order, the Court will grant Petitioner's motion for appointment of counsel to the extent that such appointment of counsel is consistent with this Court's Standing Order.

**IT IS THEREFORE ORDERED** that:

(1)     Petitioner's Motion to File a Successive Petition is **DENIED**, (Doc. No. 13), as this Court lacks jurisdiction to consider the motion.

(2)     Petitioner's Motion to Appoint Counsel, (Doc. No. 14), is **GRANTED** to the extent that it is consistent with the Court's Standing Order dated May 22, 2012.

(3)     The Clerk of Court is directed to mail this Order to the Federal Defenders of Western North Carolina.

Signed: November 26, 2012

Frank D. Whitney
United States District Judge

2